R. M. & W. O. Bradley, for appellant.

---

## W. H. BOOTH v. SMITH, MITCHELL & Co.

**Verdict of Jury.**

> Where an issue of fact is presented to a jury under proper instructions from the court, and a verdict rendered, even if the weight of the testimony might appear to this court to have been with the losing party, such verdict will not be disturbed.

### APPEAL FROM BOYD CIRCUIT COURT.

June 14, 1877.

OPINION BY JUDGE PRYOR:

The reply in this case concedes the alleged agreement to furnish

the lumber to build appellant's house at a fixed sum, but alleges that Friend, who made out the bill, was not employed to construct the building, and the employes changed the character and description of the lumber so that it was impossible, or rather such a departure from the bill as made out by Friend, that the appellees refused to deliver it, and so informed the appellant. The appellant then directed them to furnish the lumber and agreed to pay them for it. This is the substance of the reply. The parties to the action, one of the plaintiffs, and the defendant were sworn, the plaintiff sustaining the reply, and the defendant, denying that the contract was changed, except in so far as some extra lumber was furnished. It was for the jury to pass on the question of fact. The instructions were not misleading and must have been understood by the jury. The jury was told in the first instruction, "that if the lumber was furnished by the appellants he was entitled to recover its value." This instruction left unexplained would have been misleading, but the court expressly told the jury that if the written proposition was accepted by the defendant the plaintiff could only recover $693, the amount of his bid, and the defendant was entitled to a credit for all the payments made. · This last instruction was qualified by one given for the appellee, to the effect that if the contract in writing was abandoned the plaintiff was entitled to recover the reasonable value of the lumber. The jury was trying the question as to whether or not the written proposition, if accepted, had been dispensed with. No other issue was before them. That the lumber was purchased is admitted, and we see no reason for concluding that an intelligent jury was or could have been ignorant of what they were called on to try, under the law of the case as given by the court.

The weight of the testimony might have been with the defendant, but the character of proof is such that neither the court below nor this court should have disturbed the verdict.

*Hampton, Hager, for appellant.*

*S. T. Kenner, L. T. Moore, for appellee.*